IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ABDUSALAM ALI ABDULRAHMAN AL HELA | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-5079 |
| | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |
| _____ | ) | |

**REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION
<u>*EN BANC*</u> OF DENIAL OF MOTION BY QASSIM TO INTERVENE**

The government claims that Khalid Ahmed Qassim has moved to intervene in this case simply because he disagrees with the decision by the divided panel that the Due Process Clause does not confer procedural protections on Guantánamo detainees such as himself.[1] The government says this issue was left "'open and unresolved'" in *Qassim v. Trump*, 927 F.3d 522 (D.C. Cir. 2019), and it argues that Qassim lacks Article III standing to intervene for the mere purpose of challenging a "rule of law" adopted by the divided panel that has "application in other cases."[2]

Wrong. Qassim has Article III standing to intervene because the panel injured him directly by deciding the due process issue at all. Qassim must briefly reply.

---

[1] Opposition to Motion for Reconsideration En Banc of Denial of Motion to Intervene ("Gov't Opp.") at 4.

[2] *Id*. at 4-5.

1

1.  In its opposition, the government fundamentally misrepresents the basis for Qassim's motion to intervene. According to the government, the "premise" of Qassim's motion is "that the precedential effect of a decision is sufficient to generate an injury-in-fact."[3] But the premise of Qassim's motion is that the decision in the present *Al Hela* case by the divided panel directly impacts and annuls Qassim's right to an adjudication of his due process claims in the context of a concrete discovery dispute. That right was guaranteed to Qassim by a decision of a unanimous panel of this Court in Qassim's own case, a decision by which the divided panel in this case should have been bound but which it failed to follow.

In the pending proceedings on remand in Qassim's case, the district court judge has explicitly stated that he cannot adjudicate Qassim's due process claims as required by the unanimous panel's mandate because of the supervention of the decision of the divided panel prior in the present *Al Hela* case. That is cognizable injury-in-fact under Article III. This point emerges very clearly from the history of the *Qassim* case, which the government minimizes.

    a. In his district court habeas case, Qassim filed a motion *in limine* to preclude the government from justifying its detention of him under procedures that did not satisfy the standards of the Due Process Clause. Although Qassim interpreted this Court's decision in *Kiyemba v. Obama*, 555 F.3d 1022, 1026 (D.C.

---

[3] Gov't Opp. at 5.

Cir. 2009), *vacated and remanded*, 559 U.S. 131, *reinstated as amended*, 605 F.3d 1046 (D.C. Cir. 2010), as foreclosing his procedural due process claims, he urged the district court not to follow *Kiyemba*.

However, the district court decided it was bound by *Kiyemba* to hold that the Due Process Clause did not confer procedural protections on Qassim. The district court denied Qassim's habeas petition on a stipulated factual record. *Qassim v. Trump*, No. 04-cv-01194 (TFH), 2018 WL 3951346 (D.D.C. May 8, 2018).

b. Convinced that he could prevail on appeal only if *Kiyemba* were overruled, Qassim petitioned for initial *en banc* consideration of his appeal. The Court denied this petition. *Qassim v. Trump*, No. 18-5148, 2018 WL 3905809 (D.C. Cir. Aug. 14, 2018). Judge Rogers, in a concurring opinion, acknowledged that it was "not unreasonable" for Qassim to seek initial *en banc* consideration, noting that "members of the Court have expressed concern that the law of the circuit has 'compromised the Great Writ as a check on arbitrary detention.'" *Id*. at *1. Nevertheless, Judge Rogers concluded that "initial panel decision would assist the Court in evaluating the merits of the habeas petition." *Id*. Judge Tatel made the same point in a separate concurring opinion and added that a more complete factual record might be necessary for review. *Id*. at *2-3.

c. A unanimous panel in *Qassim* reversed the district court's decision and remanded for further proceedings. The *Qassim* panel ruled "[t]he district

court's denial of Qassim's motion *in limine* and the entry of judgment against Qassim were both predicated on that court's conclusion that *Kiyemba* firmly closed the door on procedural due process claims for Guantanamo Bay detainees," and "[t[hat was error." 927 F.3d at 528. The panel said that *Kiyemba* "ruled only that the Due Process Clause does not invest detainees who have already been granted habeas corpus with a substantive due process right to be released into the United States," and that neither *Kiyemba* nor "any other decision of this circuit adopted a categorical prohibition on affording detainees seeking habeas relief any constitutional procedural protections." *Id*. at 524.

Nevertheless, the unanimous *Qassim* panel held that, "unless and until specific discovery requests are made and ruled upon, it is **impossible** (emphasis added)" to decide whether the Due Process Clause confers procedural protections on Guantánamo detainees. 927 F.3d at 531. "Without a decision from the district court addressing the constitutional question in the particular context of a concrete discovery dispute, it would be 'premature.'" *Id*. at 532. Accordingly, the unanimous *Qassim* panel remanded the case to the district court with instructions to develop a clear record and adjudicate Qassim's due process claims in the context of a concrete discovery dispute. *Id*.

d. At that point, "a member of th[is] court suggested *sua sponte* that the case be reheard en banc," but the full Court, by a vote of 8-2, denied rehearing.

4

*Qassim v. Trump*, 938 F.3d 375, 376 (D.C. Cir. 2019). Judge Henderson wrote a lengthy dissent in which Judge Rao joined, arguing that the *Qassim* panel should have reached and decided Qassim's procedural due process claims and denied them under *Kiyemba* and other authorities. *Id*. at 376-379. Judges Millett, Pillard, and Edwards, the members of the unanimous *Qassim* panel, wrote a concurring opinion, stating that their opinion "explains in detail its consistency with circuit and Supreme Court precedent, and principles of *stare decisis*. *Id*. at 376.

  e. On remand in the district court, Qassim served interrogatories and requests to produce documents and requested access to the classified statements he made and upon which the government relies to justify his detention. The district court has convened several status conferences to monitor the progress of discovery and to keep the case on track for an early trial-type merits hearing.

  f. In the midst of the *Qassim* remand proceedings, the divided panel in the present case, over the advice of the government, reached and decided the issue of whether the Due Process Clause confers procedural protections on Guantánamo detainees, holding under *Kiyemba* and other authorities that it does not. *Al Hela v. Trump*, 972 F.3d 120, 138-150 (D.C. Cir. 2020). The panel's opinion on this issue, authored by Judge Rao and joined in by Senior Judge Randolph but not Judge Griffith, ignores *Qassim's* explicit holding that "it is impossible" to resolve this issue outside the context of a concrete discovery dispute. Instead, it concludes that

5

it was "not premature" for the panel to decide that issue "because Al Hela raised it below, both before and during his merits hearing," and "the issue is a pure question of law on which we have detailed briefing and the benefit of both open and closed oral argument to discuss the implications of the unclassified and classified records in this case. *Al Hela*, 972 F.3d at 147.

In effect, Judge Rao's opinion in *Al Hela* adopts the ***dissenting*** opinion written in connection with the *en banc* Court's consideration of *Qassim* – maintaining that the issue of whether the Due Process Clause confers procedural protections on Guantánamo detainees is a pure question of law that should have been resolved by the *Qassim* panel – and makes it the law of this Circuit. Judge Rao's opinion does so despite the fact that the due process issue was fully raised, argued, and briefed in *Qassim* and that 8 of the 10 judges who participated in the *en banc* vote in *Qassim* were ***not*** persuaded by Judge Henderson's dissenting opinion to vote to rehear the unanimous panel's decision. It is astonishing that nowhere in its opposition does the government even mention the *en banc* opinions or the *en banc* vote in *Qassim*.

More importantly, Judge Rao's opinion ***intrudes directly*** into Qassim's remand proceedings. Although the *Qassim* panel instructed the district court to develop a record on remand "to facilitate resolution of the constitutional questions raised in this case," *Qassim*, 927 F.3d at 532, Judge Hogan of that court lamented

6

during last week's status conference that Judge Rao's opinion "leaves me in the lurch." By prematurely rejecting the procedural due process claims of all Guantánamo detainees, Judge Rao's opinion deprives Qassim of the right guaranteed to him by this Court's judgment in the *Qassim* appeal to an adjudication of his due process claims in the context of a concrete discovery dispute and inflicts Article III injury on him.

    2. The government disputes Qassim's assertion that petitioner Al Hela may not adequately represent Qassim's interests in this case.[4] The government notes that, like Qassim, Al Hela seeks to secure procedural rights under the Due Process Clause.[5] It dismisses Qassim's point that Al Hela has petitioned for rehearing *en banc* on at least six other issues and devoted only 3 of the 17 pages of his petition to the procedural due process issue as "nothing more than a 'quibble[] over litigation tactics' that cannot suffice to demonstrate inadequacy of representation."[6]

Once again, however, the government mischaracterizes the interest Qassim is asserting in his motion to intervene. Qassim is not asserting in this motion merely the same interest as Al Hela in securing procedural protections under the Due Process Clause. Rather, he is asserting the right to an adjudication of this

---

[4] Gov't Opp. at 7-8.

[5] *Id*. at 7.

[6] *Id*.

important constitutional issue in the context of a concrete discovery dispute – a right guaranteed to him personally by *Qassim* and then abrogated by the divided panel decision in *Al Hela*. Only Qassim can litigate the clash between *Qassim* and the divided panel's decision in this case before the *en banc* Court or the Supreme Court from the vantage of one who is suffering personal, Article III injury as a result of that clash.

The government also erroneously contends that the denial of Qassim's motion to intervene will not affect his ability to seek Supreme Court review in the present case because Qassim did not explain in his motion for reconsideration "how he could alone seek Supreme Court review of a judgment affirming the denial of al-Hela's petition for habeas corpus."[7] Qassim did not claim in his motion for reconsideration that he "could alone" seek Supreme Court review of a judgment by this Court affirming the divided panel's decision. What Qassim claimed is that, if "a party has petitioned for *certiorari*," Qassim would have an independent right under Supreme Court precedent to file his own petition for *certiorari* and to file briefs and seek to participate in oral argument if this Court grants his motion to intervene on the basis of Article III standing.[8]

---

[7] Gov't Opp. at 8.

[8] Qassim Petition for Hearing [Motion for Reconsideration] *En Banc*, at 8-9.

3. Finally, the government makes the frivolous argument that granting Qassim intervention "could create significant practical problems that would threaten to delay resolution of this case."[9] The only "significant practical problems" the government identifies are speculative "efforts by Qassim to access at least some of the classified information in this case," to which the government "anticipates that it would object." *Id*. at 9.

However, Qassim seeks to intervene for the sole purpose of securing a rehearing *en banc* of the divided panel's decision resolving in the abstract, instead of in the context of a concrete discovery dispute, whether the Due Process Clause provides procedural protections to Guantánamo detainees. Resolution of that issue will not require access by Qassim or his counsel to any classified information in the present case, and neither Qassim nor his counsel would seek such access. Indeed, the divided panel reached its decision without discussing any classified information, and its published decision is not classified. Therefore, the grant of Qassim's motion to intervene will not cause any delay in the present case.

For the foregoing reasons and the reasons given by Qassim in his opening petition/motion, the *en banc* Court should allow Qassim to intervene in this appeal and grant his already tendered petition to rehear *en banc* the divided panel's decision reaching and deciding in the negative the abstract question whether the

---

[9] Gov't Opp. at 9.

Due Process Clause confers procedural rights on Guantánamo detainees in habeas corpus proceedings challenging their continued detention.

Dated: December 21, 2020

Respectfully Submitted,

/s/ Neil H. Koslowe

Anthony G. Amsterdam
University Professor Emeritus
New York University School of Law
295 Sullivan Street, 5th Floor
New York, NY 10012
Telephone: (212) 988-6632
E-mail: aa1@nyu.edu

*Of Counsel*

Thomas B. Wilner
Neil H. Koslowe
Shearman & Sterling LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Telephone: (202) 508-8050
E-mail: twilner@shearman.com
E-mail: nkoslowe@ptomaclaw.com

Shelby Sullivan-Bennis
Durkin & Roberts
2446 N. Clark Street
Chicago, IL 60614
Telephone: (401) 660-6538
E-mail: ssullivan@durkinroberts.com

*Counsel for Movant Khalid Ahmed Qassim*

## CERTIFICATE OF COMPLIANCE

This reply complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and the type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman Font. This reply complies with the length-limits of Fed. R. App. P. 27(d)(2)(C) because it contains 2,356 words.

Dated: December 21, 2020 　　　　　　　　　*/s/ Neil H. Koslowe*
　　　　　　　　　　　　　　　　　　　　　Neil H. Koslowe
　　　　　　　　　　　　　　　　　　　　　*Counsel for Khalid Ahmed Qassim*

# CERTIFICATE OF SERVICE

I certify that on December 21, 2020, the foregoing document was filed via the appellate CM/ECF system of the United States Court of Appeals for the District of Columbia Circuit. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 21, 2020          <u>*/s/ Neil H. Koslowe*</u>
                                  Neil H. Koslowe