

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-7823

May 27, 2022

VIA CM/ECF

Mark Langer
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, D.C. 20001

RE:    *Al-Hela v. Trump*,
No. 19-5079 (D.C. Cir.)
**En Banc Oral Argument Held September 30, 2021**

Dear Mr. Langer:

    We write to address one aspect of the May 12, 2022 order from the en banc Court directing the district court to produce certain exhibit lists from the district court merits hearing in this case.

    Specifically, the May 12 order requested that the district court provide "a list of all exhibits, both public and classified, introduced at the hearing held November 1, 2017 through November 8, 2017, on the merits of Al-Hela's petition for writ of habeas corpus," as well as "from this same hearing a separate list of all ex parte exhibits and the ex parte exhibits themselves considered by the district court." We understand that the district court has provided a list responsive to the first request—for public and classified exhibits introduced at the merits hearing.

    As to the second aspect of the request, we write to correct a potential misperception of how ex parte materials were handled in this case. The second aspect of the request appears to assume that ex parte exhibits were introduced at "this same hearing"—in other words, were introduced "at the hearing held November 1, 2017 through November 8, 2017, on the merits of Al-Hela's petition for writ of habeas corpus." To the extent the Court believes that ex parte exhibits were introduced at that hearing, it is incorrect.

In meeting its burden to establish the lawfulness of al-Hela's detention at the merits hearing, the government did not introduce any ex parte exhibits. All of the government's allegations about al-Hela's specific conduct and the specific documents the government relied on to support those allegations were disclosed to petitioner's counsel, both before the merits hearing (through the process of court-approved redactions, creation of classified substitutes, and disclosure prescribed by the case management order) and during the merits hearing (through the government's introduction of those redacted exhibits and/or substitutes). In addition, the government provided to al-Hela's counsel information that tended materially to undermine the government's allegations, including information that would call into question the credibility of the government's sources. All of the exhibits the government introduced at the merits hearing are available in Volume II of the joint appendix, and all of the documents provided by the government on which al-Hela relied at the merits hearing are available in Volume III of the joint appendix (along with other documents al-Hela introduced). But because no ex parte exhibits were introduced at the merits hearing, there is no "list of all ex parte exhibits" "from this same hearing" that could be responsive to the Court's request.

The district court's review of ex parte documents occurred in the context of ex parte motions submitted by the government under Section I.F of the case management order. Those motions were filed before—or, in one instance, after—the merits hearing. The overwhelming majority of the documents submitted ex parte in connection with this motions practice were ultimately disclosed to petitioner's counsel in redacted form and/or with a classified substitute that provided necessary information. Some of those documents did not become exhibits at the merits hearing because neither side ultimately relied on them. And to avoid confusion, as explained in the ex parte motions, the Court should be aware that to protect certain sensitive national security equities, the naming conventions for many of the ex parte documents are different from the naming conventions for the same documents disclosed to petitioner's counsel in redacted form (including those ultimately admitted as exhibits at the merits hearing).

In that ex parte practice, the government made clear that the district court could rely on the source-related ex parte materials to make determinations about the credibility of certain sources where that information was too sensitive or source-revealing to disclose to al-Hela's counsel and such reliance was necessary. Because whether disclosure of information can pose a risk of revealing sources of intelligence is a distinct question from whether that information supports or undermines the credibility of any particular source, the ex parte materials contained information that both supported and undermined the credibility of the

government's sources. The district court's reliance on the ex parte materials in its merits opinion was limited to certain credibility determinations—determinations both favorable and unfavorable to the government. *See* Gov't Br. 15, 52. But the government did not introduce those materials at the merits hearing, and there is therefore no "list" of such exhibits from that hearing responsive to the Court's May 12 order.

We would appreciate if you could distribute this letter to the members of the en banc Court. The government is prepared to address these matters in further detail in an appropriate classified filing, if the Court desires.

                                       Sincerely,

                                       *s/ Brad Hinshelwood*
                                       Brad Hinshelwood

cc:    Counsel of Record (via CM/ECF)